UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| UNDRAY KNIGHTEN,<br><br>Plaintiff,<br><br>v.<br><br>NANCY MARTHAKIS, et al.,<br><br>Defendants. | CAUSE NO. 3:23-CV-213-JD-MGG |

OPINION AND ORDER

Undray Knighten, a prisoner without a lawyer, filed a complaint. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

This is the third complaint Knighten has filed against Dr. Nancy Marthakis regarding the medical care she has provided for the chronic diarrhea he suffers after his rectum and part of his colon was removed several years ago while being treated for colon cancer. In *Knighten v. Marthakis*, No. 20-CV-64-JD (N.D. Ind. filed Jan. 25, 2020), Knighten sued about her decision to reduce his prescription for Loperamide (also known as Imodium) from three times a day, which he received at his former facility, to

twice a day—before breakfast and dinner. *Id.* at ECF 5 at 2 (screening order). Knighten requested Loperamide three times a day, before each meal. But Dr. Marthakis refused because the medication lines ran only twice a day, and she ordered him Pepto Bismol to be taken at lunch in lieu of a third dose of Loperamide. *Id.* at ECF 100 at 7 (summary judgment order). The court granted summary judgment to Dr. Marthakis because she submitted unrefuted evidence that the medical care she provided from August 2019 through August 2021 concerning Knighten's medication was based on a combination of administrative convenience and her medical judgment that the change was appropriate. *Id.* at ECF 100 at 7-8. An injunctive-relief claim against the Warden of Indiana State Prison concerning the current state of Knighten's treatment for chronic diarrhea is still pending. *Id.* at ECF 100 at 8.

In *Knighten v. Marthakis*, No. 3:22-CV-456-JD-JPK (N.D. Ind. filed June 14, 2022), Knighten alleged that in February 2022, Dr. Marthakis discontinued a probiotic he relied on to have a complete bowel movement, and in June 2022, she discontinued his Loperamide all together. The court denied his request for a preliminary injunction. *Id.* at ECF 23. It found that Knighten's then-current medical records showed that as of July 24, 2022, he was receiving Loperamide three times a day, as he wanted, and there was no evidence that the fiber pills that replaced the probiotic were insufficient so as to warrant a preliminary injunction. *Id.* at ECF 23 at 4. The case did not proceed further into the merits because it was dismissed for failure to exhaust administrative remedies. *Id.* at ECF 38.

2

In this most recent complaint, Knighten alleges that as of March 14, 2023, the same day he filed suit, his morning and evening Loperamide were discontinued.[1] ECF 1 at 5. The only medication he was receiving for diarrhea was Loperamide at lunch and a pill at night that has a side effect of constipation. *Id.* He alleges that constipation does not always occur, and if it doesn't, he will be up all night using the toilet. *Id.* According to Knighten, Dr. Marthakis reported that she discontinued the medication because "the person(s) in Centurion head office won't renew the plaintiff's am & pm medication for his chronic diarrhea." *Id.* He asks the court to order the Defendants to provide him with medication in the morning and evening for his chronic diarrhea. *Id.* at 6. He also seeks money damages. *Id.*

Under the Eighth Amendment, inmates are entitled to adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To establish liability, a prisoner must satisfy both an objective and subjective component by showing: (1) his medical need was objectively serious; and (2) the defendant acted with deliberate indifference to that medical need. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). A medical need is "serious" if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). Deliberate indifference means that the defendant "acted in an intentional or criminally reckless manner, *i.e.*, the

---

[1] The court notes that the first four pages of Knighten's complaint duplicates the allegations in the complaint from *Knighten*, No. 3:22-cv-456. The allegations specific to this lawsuit begin on page five of the complaint.

3

defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005).

For a medical professional to be held liable for deliberate indifference to an inmate's medical needs, he or she must make a decision that represents "such a substantial departure from accepted professional judgment, practice, or standards, as to demonstrate that the person responsible actually did not base the decision on such a judgment." *Jackson v. Kotter*, 541 F.3d 688, 697 (7th Cir. 2008) (quotation marks and citations omitted). A mere disagreement with medical professionals about the appropriate course of treatment doesn't establish deliberate indifference, nor does negligence or even medical malpractice. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011); *McNeil*, 16 F.3d 123 at 124; *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Even incompetence doesn't state a claim for deliberate indifference. *Minix v. Canarecci*, 597 F.3d 824, 831-32 (7th Cir. 2010). Furthermore, inmates are neither "entitled to demand specific care [nor] entitled to the best care possible." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997). As the Seventh Circuit has summarized,

> medical professionals are not required to provide proper medical treatment to prisoners, but rather they must provide medical treatment that reflects professional judgment, practice, or standards. There is not one proper way to practice medicine in a prison, but rather a range of acceptable courses based on prevailing standards in the field. A medical professional's treatment decisions will be accorded deference unless no minimally competent professional would have so responded under those circumstances.

*Jackson*, 541 F.3d at 697-98 (quotation marks and internal citations omitted).

4

Knighten's complaint does not allege more than a disagreement with medical professionals about the proper course of treatment for his chronic diarrhea. He does not say when this medication change happened. It appears he filed suit as soon as his medication changed, without any indication, beyond his speculation, that the change would harm him or that any alternative treatment would be inadequate.[2] Knighten must allege more than a change in medication that he disagrees with.

In addition, Knighten filed a motion for a preliminary injunction, asking to receive treatment for "torn and damaged tendons in his left thumb and chronic diarrhea from stage 4 colon cancer." ECF 3-1 at 1. This motion will be denied. First, neither the complaint nor the preliminary injunction motion mention anything about the treatment Knighten is receiving for his thumb, so there is no basis to conclude he is receiving constitutionally inadequate care in that respect. Second, Knighten's complaint currently does not state a claim, but even if it did it would proceed only on a claim for money damages, not injunctive relief. Any claim for injunctive relief here concerning Knighten's chronic diarrhea is duplicative of the pending injunctive-relief claim in No. 3:20-CV-64 and would not be allowed to proceed. A district court has the discretion to dismiss a claim that is duplicative of another claim pending in federal court. *See McReynolds v. Merrill Lynch & Co.*, 694 F.3d 873, 888–89 (7th Cir. 2012). Thus, this case involves only a potential claim for money damages, not injunctive relief. "A preliminary injunction is always appropriate to grant intermediate relief of the same

---

[2] Based on this, it is doubtful that Knighten exhausted his administrative remedies before filing suit, as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a).

5

character as that which may be granted finally." *De Beers Consol. Mines v. United States*, 325 U.S. 212, 220 (1945). Money damages is a different type of relief than an injunction. Therefore, any requests for injunctive relief concerning the chronic diarrhea must be pursued in the pending case, No. 3:21-CV-64-JD.

This complaint does not state a claim for which relief can be granted. If he believes he can state a claim based on (and consistent with) the events described in this complaint, Knighten may file an amended complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form which is available from his law library. He needs to write the word "Amended" on the first page above the title "Prisoner Complaint" and send it to the court after he properly completes the form.

For these reasons, the court:

(1) DENIES the motion for a preliminary injunction (ECF 3);

(2) GRANTS Undray Knighten until **July 7, 2023**, to file an amended complaint; and

(3) CAUTIONS Undray Knighten if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

SO ORDERED on June 12, 2023

/s/JON E. DEGUILIO  
CHIEF JUDGE  
UNITED STATES DISTRICT COURT